FILED
SUPERIOR COURT
OF GUAM

2019 JAN -8 AM 11: 36

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

               Plaintiff,

    v.

FRANCIS GERARD UNTALAN SAN NICOLAS, JR.,

               Defendant.

Case No. CF0633-14

DECISION & ORDER

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on September 26, 2018 for a restitution hearing. The People of Guam are represented by Assistant Attorney General Sean Brown and the Defendant Francis San Nicolas ("Defendant") is represented by Attorney Douglas Moylan. After considering the testimony, the filings of the parties, and the applicable law, the Court now issues its decision.

## BACKGROUND

In December 2014, the Defendant was indicted for Theft by Receiving a Stolen Motor Vehicle (as a Second Degree Felony). (Indictment, Dec. 15, 2014). The Defendant subsequently entered into a plea agreement whereby he pled guilty to Theft of Property (as a Misdemeanor) as a lesser included offense of the crime charged. (Plea Agreement at 2, Aug.

**ORIGINAL**

25, 2017). The plea agreement also stated that the Defendant agreed to pay restitution, if any, to the victim. *Id.* at 3.

In November 2017, the People filed their restitution report, seeking restitution in the amount of two thousand five hundred dollars ($2,500.00). (Sub. Rest. Summ. at 2, Nov. 09, 2017). The Defendant filed an opposition to the requested amount of restitution. (Obj. Rest., Jan. 23, 2018). The Court held a restitution hearing on September 26, 2018, and subsequently took the matter under advisement. (Minute Entry, Sep. 26, 2018).

## DISCUSSION

Guam's statutes provide that a person convicted of a crime may be ordered to pay restitution in the amount of:

> (c) One Thousand Dollars ($1,000.00), when the conviction is of a misdemeanor;
> (e) Any higher amount equal to double the pecuniary gain to the offender or loss to the victim caused by the conduct constituting the offense by the offender. In such case the court shall make a finding as to the amount of the gain or loss, and if the record does not contain sufficient evidence to support such a finding the court may conduct a hearing upon the issue. For purposes of this Section, the term "gain" means the amount of money or the value of the property derived by the offender and the term "loss" means the amount of value separated from the victim;

8 GCA § 80.50. This means that the court may order the Defendant to pay restitution up to one thousand dollars without any specific findings, but must make findings for any higher amount, not to exceed double the loss of the victim or gain of the Defendant. *People v. Mallo*, 2008 Guam 23 ¶ 43. Here the People seek two thousand five hundred dollars ($2,500.00) in restitution for the victim's losses, requiring the Court to make specific findings regarding those losses if it wishes to order restitution in that amount. *Id.*

As a preliminary matter we acknowledge that the Defendant, through his plea agreement, agreed to be held liable for full restitution, if any, to the victim. (Plea Agreement at

3). However, the People still bear the burden of proving losses by a preponderance of the evidence. *See United States v. Waknine*, 543 F.3d 546, 556 (9th Cir. 2008).

At the hearing, the victim testified both as to the losses he was seeking, as well as the condition of the property upon its return to him. (Court Recording at 3:53:00-4:06:40, Sep. 26, 2018). The victim testified that when he discovered the stolen moped, it was being driven by the Defendant. *Id.* at 4:00:30. The victim received the moped from the police that same day. *Id.* at 4:05:20. The victim repeatedly testified that the moped was working when he got it back, but also testified that he could not start the moped. *Id.* at 4:03:50. As for amount of loss, the victim recalled that he bought the vehicle for $3,200, but could not locate any sales documentation to prove the amount he bought it for. *Id.* at 3:55:00. Instead he provided the prosecutor with an estimate based on the value of a new moped in 2006: $2,500. *Id.*; (Sub. Rest. Summ. at 3). The victim never had the vehicle assessed for damage. (Court Recording at 4:02:10, Sep. 26, 2018). Last the victim was asked about how much it might cost to rent a moped for a day, to which the victim estimated at one hundred dollars ($100.00) per day. *Id.* at 4:00:00.

Based on the forgoing evidence, the Court finds that the People have not met their burden of showing loss to the victim. The damages in this case are simply too speculative for the Court to make a determination. The victim cannot provide documentation as to the value of what he paid for the moped. The two thousand five hundred dollar ($2,500) estimate provided by the People was based on the cost of a new moped in a year different than the year the Defendant reportedly bought his moped. The document provided by the People regarding valuation does not state the source of the information, and does not appear to be a verifiable sales figure or a reputable third party evaluation of the value of a similar used vehicle, *e.g.* Kelly

Blue Book. The document merely states claims, and provides no information from which the Court may gleam its veracity.

There was also no evidence presented as to the extent of the amount of damages to the moped, as the victim never sought an estimate on repairs, and testified that the day he received the moped back it was able to be driven by the Defendant. Last, with regard to the People's loss of use argument, there was nothing supporting the victim's speculative assertion that a moped costs one hundred dollars ($100.00) per day to rent, nor was there testimony that the victim has any experience in the renting of mopeds.

As such, the restitution amount requested by the People is not supported by the evidence presented to the Court, and, thus, the Court is unable to make any supported findings as to the victim's loss. Therefore, the Court is unable to order the Defendant to pay restitution.

### CONCLUSION

For the reasons stated above, the Court hereby **DENIES** the People's Submission for Restitution. A further proceeding in this case is set for January 30, 2019.

**IT IS SO ORDERED** on this 08th day of January, 2019.



**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

I acknowledge that a copy of the original hereto was placed in the court box of:

Moylan

Date: 1/8/19 Time: 11:40 AM

Superior Court of Guam